UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MATTHEW G. SILVA,<br><br>                    Plaintiff,<br><br>     v.<br><br>ROB McKENNA, JOHN S. BLONIEN, DOUGLAS CARR, KIMBERLY FRINELL, AMANDA MIGCHELBRING, ELDON VAIL, DAN PACHOLKE, STEVE SINCLAIR, CHRIS BOWMAN, CHUCK PEASE, OFFICIAL JURGENSEN, LINDA MICHAEL, DAVID S. ROBERTS, TAMARA ROWDEN, RONALD FREDERICK, DEVON SCHRUM, LORI SCAMAHORN, DENNIS DAHNE, KERRI McTARSNEY, CORYDON WHALEY, CLINT MAY, CHERYL SULLIVAN, and VANESSA COLEMAN,<br><br>                    Defendants. | No. C11-5629 RBL/KLS<br><br>ORDER DIRECTING PLAINTIFF TO SERVE COMPLAINT |

This civil rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Plaintiff filed his complaint on August 15, 2011 and shortly thereafter, submitted an application to proceed *in forma pauperis.*  ECF Nos. 1, 4.  Plaintiff acknowledged, however, that he has at least three strikes and must pay the filing fee of $350.00.  ECF No. 1-1, p. 1.  On September 12, 2011, Plaintiff was ordered to show cause

ORDER - 1

why his case should not be dismissed pursuant to 28 U.S.C. § 1915(g) or in the alternative, to pay the full $350.00 filing fee.  ECF No. 6.  The Court also advised Plaintiff that because he will not be proceeding *informa pauperis* in this matter, it is his obligation to serve copies of the Summons and Complaint upon the named defendants.   ECF No. 6.  Plaintiff paid the filing fee of $350.00 on September 19, 2011.  (Receipt No. TAC009090).

Plaintiff is directed to Rule 4 of the Federal Rules of Civil Procedure, which sets forth the rules and procedure for service of the Summons and Complaint.  Pursuant to Rule 4(m), Plaintiff must serve copies of the Summons and Complaint upon each of the named Defendants within 120 days after the filing of the Complaint.  Unless the Plaintiff can show good cause for his failure to serve, the Court shall dismiss the action without prejudice as to each defendant not served or shall extend the time for service.  Fed. R. Civ. P. 4(m).

Plaintiff is further advised:

**Filing and Service by Parties, Generally**

All original documents and papers submitted for consideration by the Court in this case, are to be filed with the Clerk of this Court.  The originals of all such papers shall indicate in the upper right-hand corner the name of the Magistrate Judge to whom the copies are to be delivered.  The papers shall be accompanied by proof that such documents have been served upon counsel for the opposing party (or upon any party acting pro se).  The proof shall show the day and manner of service and may be written acknowledgment of service, by certificate of a member of the bar of this court, or by affidavit of the person who served the papers.

**Motions**

Any request for Court action shall be set forth in a motion, properly filed and served. The motion shall include in its caption (immediately below the title of the motion) a designation

ORDER - 2

of the Friday upon which the motion is to be noted upon the court's calendar. That date shall be the third Friday following filing of the motion (fourth Friday for Motions for Summary Judgment). All briefs and affidavits in opposition to any motion shall be filed and served not later than 4:30 p.m. on the Monday immediately preceding the Friday appointed for consideration of the motion. If a party fails to file and serve timely opposition to a motion, the court may deem any opposition to be without merit. The party making the motion may file, not later than 4:30 p.m. on the Friday designated for consideration of the motion, a response to the opposing party's briefs and affidavits.

**Motions for Summary Judgment**

If one of the parties files a motion for summary judgment pursuant to Federal Rules of Civil Procedure 56, the opposing party should acquaint him/herself with Rule 56. Rule 56 requires a nonmoving party to submit affidavits or other evidence in opposition to a motion for summary judgment if the moving party has shown the absence of issues of material fact and an entitlement to judgment as a matter of law. A nonmoving party may not rest upon the mere allegations or denials of prior pleadings. Rather, successful opposition to a motion for summary judgment requires the nonmoving party to set forth, through affidavits or other evidence, specific facts showing a genuine issue for trial. Failure by the nonmoving party to oppose a summary judgment motion or to present counter evidence could result in the court accepting the moving party's evidence as the truth, and entering final judgment in favor of the moving party without a full trial. *Rand v. Rowland*, 113 F.3d 1520 (9th Cir. 1997).

**Direct Communications with District Judge or Magistrate Judge**

No direct communication is to take place with the District Judge or Magistrate Judge with regard to this case. All relevant information and papers are to be directed to the Clerk.

ORDER - 3

**Clerk's Action**

The Clerk is directed to send a copy of this Order and of the General Order issued by the Magistrate Judges to Plaintiff.   The Clerk is also directed to send Plaintiff a summons form for each named Defendant and return all service copies of the complaint to Plaintiff.

**DATED** this   27th   day of September, 2011.

*/s/ Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

ORDER - 4