UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MATTHEW G. SILVA,

                Plaintiff,

v.

ROB McKENNA, JOHN S. BLONIEN, DOUGLAS CARR, KIMBERLY FRINELL, AMANDA MIGCHELBRING, ELDON VAIL, DAN PACHOLKE, STEVE SINCLAIR, CHRIS BOWMAN, CHUCK PEASE, OFFICIAL JURGENSEN, LINDA MICHAEL, DAVID S. ROBERTS, TAMARA ROWDEN, RONALD FREDERICK, DEVON SCHRUM, LORI SCAMAHORN, DENNIS DAHNE, KERRI McTARSNEY, CORYDON WHALEY, CLINT MAY, CHERYL SULLIVAN, and VANESSA COLEMAN,

                Defendants.

No. C11-5629 RBL/KLS

**REPORT AND RECOMMENDATION**
**Noted For: January 13, 2012**

Before the Court are Plaintiff's motions for orders enjoining his transfer to another prison and request for a hearing. ECF Nos. 10 and 19.[1] Having carefully reviewed the motions, Defendants' opposition (ECF Nos. 13 and 21), and balance of the record, the Court finds that the motions should be denied.

## DISCUSSION

In his complaint, Mr. Silva alleges retaliation for his litigation practices by Washington State Department of Corrections (DOC) staff, the Washington State Attorney General and

---

[1] Included in Plaintiff's first motion (ECF No. 10) is a request for assistance in the service of his complaint. A motion for injunctive relief is not the appropriate avenue to seek such relief. Plaintiff should address this issue in a separate motion.

ORDER - 1

several Assistant Attorneys General. ECF No. 7. At the time he filed his complaint and his motions for injunctive relief, Plaintiff Matthew G. Silva was incarcerated at the Stafford Creek Corrections Center (SCCC). He has subsequently been transferred to the Coyote Ridge Corrections Center. ECF No. 21. In his first motion, Plaintiff requests that the Court issue an order prohibiting Defendants from transferring him to another DOC facility and to grant him minimal legal access. ECF No. 10. He claims he was being transferred from SCCC to another DOC facility in retaliation for filing the complaint in this case. *Id.* at 3. He admits that shortly after filing his lawsuit, he was involved in an altercation with another offender which caused both offenders to be placed in segregation. *Id.* However, Plaintiff argues that his subsequent denial of segregation hearings, legal access and upcoming transfer due to security issues are all unwarranted. Plaintiff further alleges that such transfer will result in an inability to properly handle his pending litigation against the DOC. *Id.* at 10.

In his second motion, Plaintiff requests that the Court issue an order to stay his transfer and also hold a hearing on his motion for injunctive relief. ECF No. 19. In his affidavit, the Plaintiff alleges he was subject to improper reviews while he was held in administrative segregation. ECF No. 18.

Plaintiff was transferred to the CRCC on October 27, 2011 due to a "Disciplinary Problem." ECF No. 21, Exh. 1 (Declaration of Cherrie Kollmer), Attachment A at 10 (ECF pagination).

A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 689-90, 128 S. Ct. 2207, 2219, 171 L.Ed.2d 1 (2008) (citations and quotation omitted). Instead, the instant motion requires the court to "balance the competing claims of injury and ... the effect of the granting or withholding of the requested

ORDER - 2

relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 129 S. Ct. 365, 376, 172 L.Ed.2d 249 (2008) (quoting *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542, 107 S. Ct. 1396, 94 L.Ed.2d 542 (1987)). A plaintiff seeking a preliminary injunction must establish the following: (1) a likelihood of success on the merits, (2) a likelihood of irreparable injury to the plaintiff if injunctive relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest. *Id.* (citations omitted). This is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 376. Moreover, Plaintiff must show more than a mere "possibility" of irreparable harm, but instead must "demonstrate that irreparable injury is likely in the absence of an injunction." *Id.* at 375 (emphasis and citations omitted).

Plaintiff must show that he is likely to succeed on the merits of his claim, that he will be irreparably harmed if he is not granted the extraordinary relief he seeks, that the balance of harm favors him, and that public interest favors granting the relief he seeks. He has not done so.

It is well settled that inmates have no constitutional right to be incarcerated in a particular prison. *Meachum v. Fano*, 427 U.S. 215, 225 (1976).

Plaintiff has requested the Court issue an order to stay his transfer and also hold a hearing on his motion for injunctive relief. In his affidavit, the Plaintiff alleges he was subject to improper reviews while he was held in administrative segregation. ECF No. 18. However, other than his conclusory allegations, Plaintiff cites to no authority or provides no adequate reason the Court should grant injunctive relief ordering him to remain at a specific DOC facility.

More importantly, however, Plaintiff has already been transferred to a new facility and therefore, his issue is now moot. Plaintiff also argues a transfer would disrupt his ability to litigate his cases, but the Court is unaware that the transfer has disrupted his ability to litigate in

ORDER - 3

this case or any other[2] nor is it aware that a transfer is a valid reason for ordering injunctive relief. Accordingly, Plaintiff has failed to set forth any adequate basis for preliminary injunctive relief and an actual hearing on the matter would be a waste of judicial resources.

## CONCLUSION

Plaintiff has failed to bring forth any evidence that supports the heavy burden required for injunctive relief. Further, Plaintiff's request to remain at a specific DOC facility is moot as he has already been transferred. Accordingly, the undersigned recommends that Plaintiff's motions (ECF Nos. 10 and 19) be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **January 13, 2012**, as noted in the caption.

**DATED** this  20th  day of December, 2011.

Karen L. Strombom
United States Magistrate Judge

---

[2] According to Defendants, Plaintiff has at least 11 pending cases against the DOC, DOC staff and/or Attorney General staff.

ORDER - 4