# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

MATTHEW SILVA,

                Plaintiff,

    v.

ROB McKENNA, JOHN S. BLONIEN, DOUGLAS CARR, KIMBERLY FRINELL, AMANDA MIGCHELBRINK, ELDON VAIL, DAN PACHOLKE, STEVE SINCLAIR, CHRIS BOWMAN, CHUCK PEASE, OFFICIAL JURGENSEN, LINDA MICHAEL, DAVID S. ROBERTS, TAMARA ROWDEN, RONALD FREDERICK, DEVON SCHRUM, LORI SCAMAHORN, DENNIS DAHNE, KERRI McTARSNEY, CORYDON WHALEY, CLINT MAY, CHERYL SULLIVAN, VANESSA COLEMAN, TIMOTHY LANG, HEIDI HOLLAND, DANIEL JUDGE, PAT GLEBE, JEFFREY UTTECHT, CHARLES JONES, GREGORY F. JONES, NORMAN GOODENOUGH, SCOTT FRAKES, MARK MILLER, MELINDA FERRELL, HAROLD ARCHIBALD, and ROD ASKELSON,

                Defendants.

No. C11-5629 RBL/KLS

ORDER DENYING MOTION TO COMPEL DEPOSITIONS AND FOR SANCTIONS (ECF NO. 56)

Before the Court is Plaintiff's Motion to Compel Depositions and For Sanctions. ECF No. 56. The Court has reviewed the motion, Defendants' Response (ECF No. 63), Plaintiff's Reply (ECF No. 69), and Plaintiff's Supplemental Declaration (ECF No. 77).

Mr. Silva requests that the Court (1) compel parties as well as non-parties to attend their depositions; (2) impose sanctions against parties, non-parties and two AAG's; and (3) award him costs and fees for having to bring this motion.

ORDER - 1

**BACKGROUND**

On November 21, 2011, Defendants filed a Motion to Stay Discovery and Quash Notices of Deposition after Plaintiff, Matthew Silva, had several non-parties served with subpoenas. The parties held a conference call on December 22, 2011 during which time it was agreed that Mr. Silva would issue Notices of Depositions and defense counsel agreed to cancel her motion to quash. ECF No. 63-1, p. 19 (Declaration of Candie M. Dibble). The parties also agreed to schedule another discovery conference call on January 9, 2011. *Id.*

Mr. Silva states that on December 21, 2011, he mailed notices of deposition for Defendants Rowden, Frinell, May, Sinclair, and Carr. The depositions were scheduled from January 3rd through 9th, 2012. ECF No. 69, at 7. On December 21, 2007, AAG Dibble filed the motion to strike the motion to quash the subpoenas. ECF No. 37.

Defense counsel states that she never received the new notices of deposition or a motion to amend. Therefore, AAG Dibble believed the purpose of the January 9, 2012, teleconference to discuss those matters was no longer necessary. ECF No. 63-1, at 18 (Dibble Decl), at ¶ 6. On the other hand, Mr. Silva thought the conference was necessary in order for the parties to reach agreement as to dates for the depositions. He was not given advance notice that the telephone conference would not occur.

On January 20, 2012, Mr. Silva notified AAG Dibble in writing that he would pursue a motion for sanctions because she failed to appear at the discovery conference of January 9 and to schedule the depositions within two weeks as agreed. ECF No. 63-1, at 25. AAG Dibble replied that she had not yet received the new notices of deposition or motion to amend complaint and the only purpose of the January 9, 2012 conference was to discuss these issues. ECF No. 63-1, at

ORDER - 2

26. On the other hand, Mr. Silva thought the conference call would occur in order to discuss specific dates for the various depositions.

On February 7, 2012, Mr. Silva left a voicemail for AAG Lowy, current counsel for Defendants, asking for a discovery conference within five days. ECF No. 63-1 (Lowy Decl.), at ¶ 4. On February 10, 2012, AAG Lowy received a letter from Mr. Silva (sent to AAG Dibble) demanding a telephonic conference within 5 days of receipt of the letter). *Id.*, Attachment B. AAG Lowy responded, stating that due to workload issues, he was unable to speak with Mr. Silva until the week of February 20, 2012. On February 21, 2012, AAG Lowy sent Mr. Silva a letter stating that the discovery conference would have to be rescheduled for the following week. *Id.*, ¶¶ 5, 7. Mr. Silva's Motion to Compel was docketed with this Court on February 21, 2012 and is dated February 16, 2012.

On February 7, 2012, Mr. Silva sent a letter to AAG Lowy stating that he wished to depose his counselor, Thomas Harmon. ECF No. 63-1, at 15. He stated that "Mr. Harmon will be testifying about WDOC classification procedures and other issues. The deposition will occur on the day chosen by Mr. Harmon." *Id.* Mr. Silva sent a kite to Mr. Harmon on February 2, 2012 regarding his proposed deposition. Mr. Harmon agreed, at that time, to attend without the necessity of a subpoena and also agreed to a date of February 28 for the deposition. After Mr. Harmon received Mr. Silva's kite about the deposition, Mr. Harmon spoke with Defendants' counsel about the deposition. Mr. Lowy states in his Response, but not in his Declaration, that he spoke with Mr. Harmon, Mr. Harmon understood that counsel was not representing him in this matter as he is not a party, and counsel advised him just as he would any other DOC employee. ECF No. 63, at 7-8. It is unclear what advice Mr. Lowy provided Mr. Harmon.

ORDER - 3

Defendants also contend that if Mr. Silva wishes to seek opinion testimony from Mr. Harmon during his employment hours, Mr. Silva must reimburse Mr. Harmon's salary to the DOC or have Mr. Harmon submit leave and reach an agreement regarding payment with Plaintiff. *Id.* at 8.

Mr. Silva argues that Mr. Harmon had agreed to appear without a subpoena before speaking with Defendants' counsel, but that now Mr. Harmon insists on being subpoenaed. Mr. Silva asks that counsel for Defendant be assessed with Mr. Harmon's witness fees. ECF No. 69, at 13. In addition, Mr. Silva clarifies that he seeks only to question Mr. Harmon about Mr. Silva's own classification, placement, and transfer history and does not intend to seek opinion testimony from Mr. Harmon. *Id.*, at 15.

## DISCUSSION

**A. Discovery Conference and Depositions**

With regard to the required Fed. R. Civ. P. 37(a)(2)(B) conference, all parties are required to confer prior to bringing a discovery motion before this Court. One scheduled conference call (January 9, 2012) was unilaterally cancelled by defense counsel. A second requested conference call did not take place prior to Mr. Silva's filing the present motion.

For future reference in this case, a request for a discovery conference required by CR 37(a)(2) shall take place within 14 days of the receipt for such a request. The scheduled conference calls shall not be unilaterally cancelled by either side. There is no compelling need to impose any additional requirements beyond that required by the Rules.

With regard to the depositions that Mr. Silva wishes to conduct of the five party witnesses (Rowden, Frinell, May, Sinclair, and Carr) and Mr. Harmon, the Court directs the parties to engage in a telephone conference within fourteen (14) days of the date of this Order for

ORDER - 4

the purpose of scheduling the dates and times for these depositions. Counsel for Defendants shall schedule the telephone conference through Mr. Silva's counselor and the telephone conference shall take place at a time convenient to both Mr. Silva and counsel for Defendants. The purpose of the telephone conference shall be to discuss the dates and time for taking the depositions of the party witnesses and the deposition of Thomas Harmon.

It appears from the evidence presented by Plaintiff that non-party government employees have been made available for deposition testimony in the past without the necessity of a subpoena. The same accommodation should be made here for the testimony of Thomas Harmon. If Mr. Harmon wants a witness fee, that shall be given to him at least five (5) days prior to the start of his deposition. If this is not done, his deposition shall be cancelled. Mr. Harmon shall advise Mr. Silva if he wants the fee paid.

With regard to taking depositions of non-parties, Mr. Silva and defense counsel shall discuss this during the scheduled conference call. If they cannot come to agreement, then either side may file an appropriate motion.

**B.     Sanctions**

The Court is denying an award of sanctions. With regard to non-parties, they are not before the Court and an award of sanctions is not appropriate, particularly in light of the agreement the parties made during the December 22, 2011 conference call. The same reasoning holds true with regard to the parties the Plaintiff wishes to depose. At this time there appears to have been different understandings and expectations between the parties as to the next step regarding scheduling of party depositions. In anticipation of the parties following this Court's order, it is not anticipated that there shall be a problem in scheduling depositions of various defendants.

ORDER - 5

**C. Amended Scheduling Order**

The Court is issuing a new scheduling order in light of the amount of time that has passed since Mr. Silva first attempted to schedule depositions in December 2011, as follows: discovery shall be completed by **October 18, 2012;** dispositive motions shall be due by **December 28, 2012;** the parties' joint status report shall be due by **March 15, 2013.**

Accordingly, the Court **ORDERS:**

(1) Plaintiff's Motion to Compel and for Sanctions (ECF No. 56) is **DENIED.**

(2) Counsel for Defendant and Plaintiff shall engage in a telephone conference within **fourteen (14) days of the date of this Order** for the purpose of scheduling the depositions of Defendants Rowden, Frinell, May, Sinclair, and Carr, and non-party Thomas Harmon. If Mr. Harmon notifies Mr. Silva that he wishes to be paid a witness fee, Mr. Silva shall provide the fee five (5) days before the date of Mr. Harmon's deposition.

(3) Counsel for Defendant and Plaintiff shall also discuss Mr. Silva's intent to depose non-parties at the conference call ordered by this Court. If they cannot reach an agreement, then either party may file an appropriate motion.

(4) Discovery shall be completed by **October 18, 2012;** dispositive motions shall be due by **December 28, 2012;** the parties' joint status report shall be due by **March 15, 2013.**

(5) The Clerk is directed to send copies of this Order to Plaintiff and counsel for Defendants.

**DATED** this 20th day of April, 2012.

Karen L. Strombom

ORDER - 6

United States Magistrate Judge

ORDER - 7