UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MATTHEW SILVA,<br><br>                Plaintiff,<br><br>    v.<br><br>ROB McKENNA, JOHN S. BLONIEN, DOUGLAS CARR, KIMBERLY FRINELL, AMANDA MIGCHELBRINK, ELDON VAIL, DAN PACHOLKE, STEVE SINCLAIR, CHRIS BOWMAN, CHUCK PEASE, OFFICIAL JURGENSEN, LINDA MICHAEL, DAVID S. ROBERTS, TAMARA ROWDEN, RONALD FREDERICK, DEVON SCHRUM, LORI SCAMAHORN, DENNIS DAHNE, KERRI McTARSNEY, CORYDON WHALEY, CLINT MAY, CHERYL SULLIVAN, VANESSA COLEMAN, TIMOTHY LANG, HEIDI HOLLAND, DANIEL JUDGE, PAT GLEBE, JEFFREY UTTECHT, CHARLES JONES, GREGORY F. JONES, NORMAN GOODENOUGH, SCOTT FRAKES, MARK MILLER, MELINDA FERRELL, HAROLD ARCHIBALD, and ROD ASKELSON,<br><br>                Defendants. | No. C11-5629 RBL/KLS<br><br>ORDER GRANTING MOTION FOR EXTENSION TO FILE REPLY AND DENYING MOTION TO COMPEL |

      Before the Court is Plaintiff's Motion to Compel. ECF No. 74. The Court has reviewed the motion and supporting Declaration (ECF No. 75), Defendants' response (ECF No. 78), and Plaintiff's reply with a request for an extension of time (ECF No. 90). The Court finds that Plaintiff's motion for an extension of time (ECF No. 90) shall be granted and his reply is deemed timely filed and will be considered by the Court. The motion to compel will be denied.

ORDER - 1

**BACKGROUND**

Plaintiff alleges that on November 9, 2007, Defendants McKenna, Blonien, Carr, Frinell, Vail, Pacholke, Dahne, May, and Coleman conspired to transfer him from the Stafford Creek Corrections Center (SCCC) to the Washington State Penitentiary (WSP) and that they unlawfully infracted and sanctioned him because they knew he was suing several SCCC employees and that he was engaged in depositions and other discovery that would expose misconduct. ECF No. 7, at 5. *Id.* He also claims that these defendants authorized SCCC staff to withhold his legal files from him and that Defendants Whaley and Carr stole some of his legal material. *Id.*, at 6. After he filed a personal restraint petition with the Washington Court of Appeals (Cause No. 07-2-01595-3), the Attorney General's Office voluntarily vacated the guilty finding and vacated the sanctions against him. *Id.*, at 7.

Plaintiff alleges that on October 15, 2009, Defendants McKenna, Blonien, Carr, Migchelbrink, Vail, Pacholke and Sinclair conspired and transferred him from the Monroe Correctional Complex (MCC) to the Washington State Penitentiary (WSP) after learning that he had acquired their retirement account information through a Public Records Act (PRA) request. ECF No. 8. Plaintiff also claims that these defendants and others withheld his legal materials, caused him to miss court appearances, falsified an infraction report against him, and subjected him to inhumane and unlawful conditions while he was housed in the WSP IMU. *Id.*, at 7-10.

Plaintiff alleges that Defendants McKenna, Blonien, Carr, Frinell, Migchelbrink, Vail, Pacholke, Sinclair, Bowman, Rowden, Frederick, Schrum, Scamahorn, Dahne, McTarnsey, and May have been censoring his grievances by demanding that he remove all case law, RCW and constitutional citations. He alleges that at least 50 grievances have been rejected in this manner while "other prisoners' grievances" have been approved. *Id.,* at 12.

ORDER - 2

Plaintiff alleges that on September 29, 2010, Defendant Sullivan illegally restricted two pieces of "special mail" addressed to him which included documents Plaintiff had requested under Washington's Public Records Act. *Id.*, at 12.

Plaintiff contends that the foregoing conduct constitutes retaliation, violation of due process, racketeering (18 U.S.C. § 1341), cruel and unusual punishment in violation of the Eighth Amendment, negligence, fraud, false imprisonment and outrage, violation of the First Amendment (religion, mail restriction, grievance), violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA) (42 USC § 2000cc), and violation of the Equal Protection Clause. ECF No. 7, at 14-17.

## DISCUSSION

**A.     Rule 37 Certification Requirement**

Rule 37 states, in relevant part, that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action." Fed.R.Civ.P. 37(a)(2)(B) (emphasis added). The companion local rule requires that such good faith conference must be either face-to-face or by telephone. Local Rule CR 37(a)(2)(A).

Mr. Silva states that it is clearly established in the record that he has asked defense counsel to meet and confer regarding discovery issues. ECF No. 74, at 1. The Court noted the parties' failed attempts at resolving some of their discovery issues in its Order dated April 20, 2012. ECF No. 89. Although it is not entirely clear whether those discussions were meant to include the written discovery at issue in this motion, counsel for Defendants does not dispute that Mr. Silva has attempted to confer. Thus, the Court will reach the merits of the motion.

ORDER - 3

**B.      Motion to Compel**

Federal Rule of Civil Procedure 26(b) establishes the scope of discovery and states in pertinent part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense -- including the existence, description, nature, custody, condition and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.

Fed. R. Civ. P. 26(b)(1).

The court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. "Relevance for purposes of discovery is defined very broadly." *Garneau v. City of Seattle*, 147 F.3d 802, 812 (9th Cir.1998).

"The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). The party opposing discovery then has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections," *Bryant v. Ochoa*, 2009 WL 1390794 at * 1 (S.D.Cal. May 14, 2009), and is "required to carry a heavy burden of showing" why discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir.1975). See also, *Pulsecard, Inc. v. Discover Card Serv., Inc.*, 168 F.R.D. 295, 309 (D.Kan.1996); *McCoo v. Denny's*, 192 F.R.D. 675, 693 (D.Kan.2000) (denying motion to compel production of documents where moving party failed to demonstrate how her request for production, which appeared irrelevant on its face, was relevant or would lead to the discovery of admissible evidence).

Relevance within the meaning of Rule 26(b)(1) is considerably broader than relevance for trial purposes. *See Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d

ORDER - 4

253 (1978) (citation omitted). For discovery purposes, relevance means only that the materials sought are reasonably calculated to lead to the discovery of admissible evidence. *Id.*

In this motion, Plaintiff seeks an order to compel "complete, non-evasive answers and responses" to the First Sets of Interrogatories and Requests for Production of Documents directed to Defendants McKenna, Frinell, Migchelbrink, Pacholke and Rowden. ECF No. 74. He argues that *all* of the answers provided by these Defendants were evasive, that they have waived all of their answers, and that they have failed to sign their interrogatories under oath as required by the Federal Rules of Civil Procedure. He also seeks sanctions. *Id.* In his reply, Plaintiff states that he need not identify which of Defendants' answers and responses are evasive because it is a waste of everyone's time to "state the obvious over and over again. The fact is that the defense failed to return answers and responses to all of Mr. Silva's discovery requests." ECF No. 90, at 2.

Although Plaintiff may find it a waste of time to state "the obvious over and over again", this is exactly what is required. Vague allegations that the responses provided by the Defendants are evasive or boilerplate are not sufficient. Plaintiff seeks an order compelling discovery – he has the burden of establishing that his requests satisfy the relevance requirements of Rule 26(b)(1). He has not done so.

**1.     Interrogatories Nos. 1, 2, 3, and 4.** In these interrogatories, Plaintiff seeks information relating to Defendants McKenna, Frinell, Migchelbrink, Pacholke and Rowdens' residence and work addresses, dates of birth, other names, reasons for name changes, occupations for past ten years (including names of supervisors, gross monthly income and reasons for termination), arrest record, convictions, involvement in all other civil litigation (as party, witness or otherwise), and workers compensation claims. ECF No. 74, Exhibits 1-5.

ORDER - 5

Defendants objected to these interrogatories on the grounds that the information sought is not relevant to the claims raised in Plaintiff's complaint and the interrogatories are compound. *Id.* Plaintiff argues that Defendants' "compound" objection is baseless unless it is claimed that the compound subparts violate the numerical limits on interrogatories. ECF No. 90, at 4-5.

The interrogatories are compound. For example, Interrogatory No. 1 asks Defendants to identify not only each job held for the past ten years, but to provide descriptions of the work performed, detailed explanations of reasons for termination, and descriptions of the businesses. See *Trevino v. ACB American, Inc.*, 232 F.R.D. 612, 314 (N.D.Cal.2006) (where interrogatories contain three inquiries, they are compound and should be counted as three interrogatories). However, Plaintiff is correct that the compound nature of these interrogatories would not absolve Defendants from answering them. *Id.* Even if each interrogatory is counted as two or three, the number would simply count toward Plaintiff's limit of twenty-five interrogatories under Rule 33.

Plaintiff has, however, failed to demonstrate the relevance of the information he seeks in these interrogatories. There must be some basis to support Plaintiff's discovery requests. Even when "relevance" is interpreted broadly to include matters that "are reasonably calculated to lead to the discovery of admissible evidence (see Fed.R.Civ.P. 26(b)), it is entirely unclear how Defendants' dates of birth, monthly wages, and home addresses bear on Plaintiff's claims that Defendants violated his due process or Eighth Amendment rights by transferring him in retaliation for his litigation activities.

Plaintiff has not met his burden of showing the relevance of the information sought in these discovery requests. Therefore, Plaintiff's motion to compel answers to these interrogatories is **DENIED.**

ORDER - 6

**2.     Request for Production No. 2:** This request seeks copies of any employment agreement, contract or other record signed by Defendants for any job positions held by Defendants during the period of time covered by these discovery demands. Defendants objected on the grounds that the request is not relevant.

Here again, Plaintiff provides no reason why this information is relevant or necessary to proving the claims raised in his complaint. The motion to compel further response to this request is **DENIED.**

**3.     Interrogatory Nos. 5, 6, 7, 8 and 9 and Request for Production Nos. 1, 3, and 4.** Defendants McKenna, Frinnell, Migchelbrink, Pacholke, and Rowden asserted various objections to some of these discovery requests but provided answers subject to their objections. The answers provided are individual to each of the Defendants. Plaintiff provides no reason why the objections and/or the responses provided are non-responsive except to state that he does not believe Defendant McKenna's statement in response to Interrogatory Nos. 5 and 6, where Mr. McKenna states that he "has no direct knowledge regarding the claims made by the Plaintiff in his complaint." ECF No. 90, at 2. He argues that Mr. McKenna had a duty to investigate further before answering his discovery requests. In response to Interrogatory No. 5 (asking for the identity of persons with knowledge or information of Plaintiff's claims) and Interrogatory No. 6 (asking for a description of material facts upon which the defendants based their answers to the complaint), Mr. McKenna stated that he was named in the complaint due to his position as the Washington State Attorney General and therefore, his answers would be based on a lack of direct knowledge. ECF No. 74, at 17.  While it is clear that Plaintiff is unhappy with this answer, Mr. McKenna responded to the interrogatories under oath and cannot be compelled to provide information that he does not have.

ORDER - 7

Plaintiff's motion to compel further response to these discovery requests is **DENIED.**

**4.  Interrogatories 10, 11, and 12 and Requests for Production 5 and 6.** These discovery requests seek information relating to the Defendants' legal representation, whether money has been paid for legal representation, documents relating to the parties' legal representation, the legal representation of other DOC employees, and the payment of settlement and judgments by DOC employees. Defendants objected that these discovery requests are not relevant to the claims raised in Plaintiff's complaint. They also objected that some of the information requested is protected by the attorney/client and work product privileges.

For example, in Interrogatory No. 10 and Request for Production No. 5, Plaintiff asks the Defendants to detail what steps were taken to obtain legal counsel, whether money was paid for representation, and to produce documents created or reviewed in connection with that representation. ECF No. 74, at 33. Defendants responded that Interrogatory No. 10 and Request for Production No. 5 seeks information that is not relevant to the claims in Plaintiff's complaint and that the document request seeks disclosure of information protected by the attorney-client and work product privileges.

Plaintiff argues that Defendants must offer factual support for their claim of privilege. ECF No. 90, at 5. However, Plaintiff has provided no reason why the information he seeks is relevant to proving his claims. His motion to compel further response to these requests is **DENIED.**

**C.  Signing Discovery Under Oath**

Plaintiff contends that Defendants' answers to interrogatories are defective because their signature blocks do not comport with the requirements of Fed.R.Civ.P. 33 or 28 U.S.C. § 1746. Plaintiff argues that, because Defendants attested under penalty of perjury under the laws of the

ORDER - 8

State of Washington instead of federal law, Defendants would not be subject to the penalties of perjury in this forum. Rule 33 requires that discovery responses must be signed under oath. 28 U.S.C. § 1746 applies under *any law* of the United States:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
> 
> ...
> 
> (2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
> 
> (Signature)".

28 U.S.C. § 1746.

Plaintiff's motion is **DENIED.**

### D. Motion for Sanctions

Federal Rule of Civil Procedure 37 provides that if a motion to compel discovery is granted or if the requested discovery is provided after the motion was filed, the court must require the party whose conduct necessitated the motion, or the attorney advising the conduct, or both, to pay for the movant's reasonable expenses incurred in making the motion, including attorneys' fees. Fed. R. Civ. P. 37(a)(5)(A). Rule 37 clarifies that the court "must not order this payment" if the opposing party's nondisclosure was "substantially justified" or circumstances exist that "make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii). A party that

fails to respond to interrogatories, request for inspection or attend his own deposition may also incur evidentiary, issue, and even terminating sanctions.  Fed. R. Civ. P. 37(d).

Because the Court is not granting Plaintiff's motion to compel, his motion for sanctions is likewise **DENIED.**

Accordingly, the Court **ORDERS:**

(1)     Plaintiff's Motion to Compel and for Sanctions (ECF No. 74) is **DENIED;** Plaintiff's motion for an extension (ECF No. 90) is **GRANTED;** Plaintiff's reply (ECF No. 90) is deemed to have been timely filed.

(2)     The Clerk is directed to send copies of this Order to Plaintiff and counsel for Defendants.

**DATED** this 7th_ day of May, 2012.

Karen L. Strombom
United States Magistrate Judge

ORDER - 10