UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MATTHEW SILVA,

           Plaintiff,

  v.

ROB McKENNA, JOHN S. BLONIEN, DOUGLAS CARR, KIMBERLY FRINELL, AMANDA IGCHELBRING, ELDON VAIL, DAN PACHOLKE, STEVE SINCLAIR, CHRIS BOWMAN, CHUCK PEASE, OFFICIAL JURGENSEN, LINDA MICHAEL, DAVID S. ROBERTS, TAMARA ROWDEN, RONALD FREDERICK, DEVON SCHRUM, LORI SCAMAHORN, DENNIS DAHNE, KERRI McTARSNEY, CORYDON WHALEY, CLINT MAY, CHERYL SULLIVAN, and VANESSA COLEMAN,

           Defendants.

NO. C11-5629 RBL/KLS

ORDER REGARDING PLAINTIFF'S FILINGS IN SUPPORT OF MOTION FOR "SECOND TEMPORARY RESTRAINING ORDER

      On April 13, 2012, Plaintiff requested that this Court stay consideration of his Second Motion for "TRO/Preliminary Injunction" (ECF No. 70). ECF No. 79. The Court entered an Order striking the noting date of the motion from the calendar and advised Plaintiff that he could re-note his motion by serving a written notice on the Clerk and opposing counsel. ECF No. 82. Since that time, Plaintiff has filed numerous Declarations and letters. *See* ECF Nos. 92-100, and 109. On May 3, 2012, the Court advised Plaintiff that it would take no action on the letters and declarations filed at ECF Nos. 92, 100, and 109. ECF No. 110. Since that

ORDER - 1

time, Plaintiff has again filed a Memorandum in Support of Second Motion for TRO and Supplemental Declaration. ECF Nos. 113 and 114. There is no pending motion.

A review of Plaintiff's "Second Motion for TRO/Preliminary Injunction" reveals that it merely restates his request for relief under his "pending supplement to objections" under "ECF 10, ECF 12, ECF 18 and ECF 19". *See* ECF No. 70. These issues were dealt with by the Court in its Order denying Plaintiff's motions for preliminary injunctive relief. ECF No. 64. Accordingly, it is **ORDERED:**

1) Plaintiff shall refrain from filing additional pleadings "in support of" the "second" motion for temporary relief. There is no such motion pending before the Court. If Plaintiff wishes to file a motion for injunctive relief, he may do so. However, he should keep in mind that any issues raised in any such motion must be related to the issues raised in his complaint and he must be establish the following: (1) a likelihood of success on the merits, (2) a likelihood of irreparable injury to the plaintiff if injunctive relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 129 S.Ct. 365, 376, 172 L.Ed.2d 249 (2008) (quoting *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542, 107 S.Ct. 1396, 94 L.Ed.2d 542 (1987)).

(2) The Clerk shall send a copy of this Order to Plaintiff and counsel for Defendants.

**DATED** this  15th  day of May, 2012.

Karen L. Strombom
United States Magistrate Judge