UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MATTHEW G. SILVA,

      Plaintiff,

 v.

ROB McKENNA, JOHN S. BLONIEN, DOUGLAS CARR, KIMBERLY FRINELL, AMANDA MIGCHELBRING, ELDON VAIL, DAN PACHOLKE, STEVE SINCLAIR, CHRIS BOWMAN, CHUCK PEASE, JURGENSEN, LINDA MICHAEL, DAVID S. ROBERTS, TAMARA ROWDEN, RONALD FREDERICK, DEVON SCHRUM, LORI SCAMAHORN, DENNIS DAHNE, KERRI McTARSNEY, CORYDON WHALEY, CLINT MAY, CHERYL SULLIVAN, VANESSA COLEMAN, TIMOTHY LANG, HEIDI HOLLAND, DANIEL JUDGE, PAT GLEBE, JEFFREY UTTECHT, CHARLES JONES, GREGORY F. JONES, NORMAN GOODENOUGH, SCOTT FRAKES, MARK MILLER, MELINDA FERRELL, HAROLD ARCHIBALD, ROD ASKELSON, WASHINGTON DEPARTMENT OF CORRECTIONS,

      Defendants.

No. C11-5629 RBL/KLS

**REPORT AND RECOMMENDATION**
**Noted For:  September 28, 2012**

  Before the Court are (1) Plaintiff's third motion for temporary restraining order and preliminary injunction (ECF No. 141) and (2) Plaintiff's fourth motion[1] for judge to actually

---

[1] Plaintiff titles this his "second" motion, but it is actually his fourth motion seeking injunctive relief from this Court.

REPORT AND RECOMMENDATION - 1

adjudicate TRO motion (ECF No. 145).  Both motions should be denied as Plaintiff is again seeking injunctive relief that is not related to the issues raised in this lawsuit.

## BACKGROUND

**A.     Previous Motions for Injunctive Relief**

Plaintiff's previous motions for injunctive relief (ECF Nos. 10 and 19) were denied.  ECF Nos. 33 and 64.   In March, Plaintiff filed a "Second Motion for TRO/Preliminary Injunction." (ECF No. 70). On April 13, 2012, he requested that this Court stay consideration of that motion (ECF No. 79) and the Court complied, but advised Plaintiff that he could re-note the motion by serving written notice on the Clerk and opposing counsel.  ECF 82.  Plaintiff did not do so, but continued to file numerous declarations and letters.  *See* ECF Nos. 92-100, and 109.  He was advised that the Court would take no action on the letters and declarations filed at ECF Nos. 92, 100, and 109.  ECF No. 110.  Plaintiff again filed a Memorandum in Support of Second Motion for TRO and Supplemental Declaration, although there was no pending motion. ECF Nos. 113 and 114.  A review of Plaintiff's "Second Motion for TRO/Preliminary Injunction" revealed that it merely restated his request for relief under his "pending supplement to objections" under "ECF 10, ECF 12, ECF 18 and ECF 19".  *See* ECF No. 70.  Those issues had been dealt with by the Court in its Order denying Plaintiff's previous motions for preliminary injunctive relief.  ECF No. 64.  The Court ordered Plaintiff to refrain from filing additional pleadings in support of any "second" motion for temporary relief and advised Plaintiff that if he wished to file a motion for injunctive relief, any issues raised in such motion must be related to the issues raised in his complaint.  ECF No. 118, p. 2.

REPORT AND RECOMMENDATION  - 2

## B. Amended Complaint

At the time he filed his Amended Complaint, Plaintiff was housed at the Coyote Ridge Correction Center (CRCC). He has subsequently been transferred to the Washington State Penitentiary (WSP). In his Amended Complaint, Plaintiff sues thirty-six employees of the Department of Corrections (DOC) and Washington State Attorney General's Office (AGO). ECF No. 54. He alleges that all of the defendants knew that he is a competent "jailhouse lawyer" actively engaged in pursuing grievances and lawsuits against DOC and Washington State employees and that the defendants conspired to retaliate against him. Specifically, he alleges conduct that occurred in 2007 through 2010, as follows:

### (1) December 2007 Transfer from SCCC to WSP

In 2007, Defendants McKenna, Blonien, Judge, Carr, Holland, Frinell, Vail, Pacholke, Glebe, Charles Jones, Gregory Jones, Goodenough, Dane, Whaley, May, and Coleman, subjected Plaintiff to an unlawful disciplinary hearing, sanctioned him with 10 days of segregation, and illegally transferred him from the Stafford Creek Corrections Center (SCCC) to the Washington State Penitentiary (WSP). Plaintiff claims that the disciplinary proceeds were retaliatory, unlawful and violated due process requirements. *Id.*, pp. 9-11.

### (2) May 2009 Infraction

From October 2008 through May 2009, while Plaintiff was housed at the SCCC, he states that he was assisting fellow inmate Garry Oster in his litigation, which allegedly exposed serious misconduct by AGO and DOC employees. Plaintiff alleges that in late May 2009, after he drafted a notice of appeal in Mr. Oster's case, Defendants McKenna, Lange, Migchelbrink, Vail, Pachoke, Frakes, Ferrell, Askelson, and Miller conspired together with SCCC and WDOC staff to illegally seize and withhold the notice of appeal and to retaliate against Plaintiff for assisting

REPORT AND RECOMMENDATION - 3

inmate Oster. ECF No. 54, p. 13. Plaintiff alleges that Defendant Ferrell issued a falsified infraction report against him. *Id.*, pp. 13 and 16. He also alleges that Defendants McKenna, Vail and Frakes destroyed a letter written by the SCCC law librarian to cover up their own misconduct. *Id.*, p. 17.

**(3)     July 9, 2009 Retaliatory Cell Search**

Plaintiff alleges that Defendants Frakes, Miller, and other Monroe Corrections Center (MCC) employees conspired to retaliate against him for assisting fellow inmate Fredrick Fischer in drafting a demand letter addressed to Defendant Frakes. They retaliated against him by conducting a cell search along with eight WSR (a WDOC facility located within MCC) employees. ECF No. 54, p. 14. After the cell search, Defendants McKenna, Lang, Migchelbrink, Vail, Pacholke, Frakes, Ferrell, Askelson, Miller, and "others" prosecuted a falsified serious infraction against Plaintiff. *Id.*

**(4)     2009 Segregation and Transfer**

In August 2009, Plaintiff obtained real property title information and requested retirement information from the Washington State Department of Retirement System for Defendants McKenna, Lang, Carr, Migchelbrink, Vail, Pacholke, Frakes, Ferrell, Askelson, Miller. ECF No. 54, p. 18. Plaintiff claims that the Defendants retaliated against him by seizing and withholding the information, filing an injunction to stop the release of the retirement information, transferring him from the WSR to MCC's Intensive Management Unit, transferring him to the WSP in Eastern Washington in October 2009, and refusing to ship his legal materials from MCC to the WSR. *Id.*

Plaintiff claims that he was given no procedural protections prior to being found guilty of three serious infractions before his transfer from the WSR general population to the IMU in

REPORT AND RECOMMENDATION - 4

September 2009. He also claims that the conditions in the IMU were unconstitutional (no direct legal research access, filthy cell and showers, inadequate access to reading materials, cold and unsanitary food, cold showers). ECF No. 54, p. 20.

**(5)   Interference/Denial of Access to Courts**

Plaintiff alleges that Defendants McKenna, Blonien, Lang, Judge, Carr, Migchelbrink, Vail, Pacholke, Frakes, Miller, Ferrell, Archibald, Askelson knew he was litigating a number of pending civil actions which challenged his confinement, including *Silva v. WDOC*, Thurston County Superior Court Cause No. 08-2-01803-0; *Silva v. Schettler, et al.*, USDC-Richland Cause No. CV-08-5041-EFS; *Silva v. WDOC,* Thurston County Superior Court Cause No. 09-2-00443-6; *Silva v. WDOC,* Mason County Superior Court cause No. 07-2-00922-5; *Silva v. WDOC,* Mason County Superior Court Cause No. 08-2-00140-1; *Silva v. Ferrell, et al.*, Snohowmish County Superior Court Cause No. 09-2-10194-7. However, he was denied access to his legal research materials in the IMU and therefore, denied his ability to prosecute these cases. ECF No. 54, pp. 20-23.

**(6)   October 2009 Transfer to WSP**

Plaintiff claims that his transfer to WSP on October 15, 2009 was illegal and in retaliation for his litigation activities. ECF No. 54, p. 23. He also claims that staff refused to provide him with his legal files when he was transferred but held his files for seven days. *Id.*, p. 24.

**(7)   October 29, 2009 Infraction and Segregation**

Plaintiff alleges that Defendant Roberts issued a falsified serious infraction against him on October 29, 2009 and used the report as a pretext to transfer and hold him in a WSP segregation unit. ECF No. 54, pp. 24-25. Plaintiff alleges that while in segregation at WSP, he was subjected to inhumane and unlawful conditions including: withholding of medication, cold

REPORT AND RECOMMENDATION  - 5

cell, denial of a Bible for four days, desecration of the Bible by staff, unsanitary food handling practices, denial of cell cleaning implements, sleep deprivation, denial of legal research materials, and denial of access to legal files. *Id.*, p. 25.

### (8) August 2008 to Date of Amended Complaint

Plaintiff alleges that Defendants McKenna, Blonien, Lange, Judge, Carr, Holland, Frinell, Migchelbrink, Vail, Pacholke, Glebe, Uttecht, Sinclair, Bowman, Rowden, Frederick, Schrum, Scamahorn, Dahne, McTarsney, and Frakes intentionally censored his official grievances by demanding that he remove case law and other citations. ECF No. 54, p. 27.

### (9) September 29, 2010 Withholding of Mail

Plaintiff alleges that on September 29, 2010 Defendant Sullivan illegally restricted two pieces of incoming "special mail" that was addressed to him from the Attorney General's Office. He alleges that Defendant Sullivan opened the mail outside his presence in violation of DOC policy.

**B.     Facts Relating to Preliminary Injunction Motions (ECF Nos. 141 and 145)**

### (1) ECF No. 141 – Transfer from CRCC

In his present motion for injunctive relief, Plaintiff seeks to prevent his transfer from the CRCC. ECF No. 141. In this motion, Plaintiff once again asks that the Court grant injunctive relief prohibiting Defendants from transferring Plaintiff to another DOC facility, and to grant him minimal legal access. *Id.*, pp. 1-3. Plaintiff also asks that this Court overturn an infraction, and have an arbitrator appointed to review anytime Plaintiff is moved from a bunk, cell, unit or institution. *Id.*, pp. 2. Plaintiff's previous motion on similar grounds was previously rejected by this Court. ECF Nos. 33 and 64. Plaintiff's request that his transfer be prevented is moot as he

REPORT AND RECOMMENDATION  - 6

was transferred to WSP on August 8, 2012. ECF No. 147-1 (Declaration of Shari R. Hall, Legal Liaison Officer, WSP).

According to Defendants, Plaintiff's conduct in prison has resulted in several infractions. ECF No. 146-1 (Declaration of Darrell Scilley). These infractions, in a short period of time, have resulted in Plaintiff's custody level being raised to close custody. As CRCC does not have a close custody unit, Plaintiff's infractions required his transfer. *Id.*, p. 3. These infractions, which are not the subject of the Amended Complaint, occurred on May 22, June 6, and July 27, 2012. *Id*. Defendants argue that even if this were not the case, the DOC has the authority to transfer offenders as part of its management of its prisons. *See Meachum v. Fano*, 427 U.S. 215, 224-225 (As an offender, Plaintiff does not have a constitutional right to remain in a particular prison or has a protected liberty interest in maintaining favorable custody classification.)

### (2)     ECF No. 145 - Access to Materials at WSP

Plaintiff also seeks an order directing Defendants to provide him with access to legal supplies and law library access at the WSP. ECF No. 145. He claims that he has been refused paper, pens, carbon paper, and postage. He claims that inmates at the WSP law library cannot sit together or speak with each other at the law library. He also claims that prison officials should have considered the effect a transfer would have on his pending litigation. *Id.*, p. 3.

### DISCUSSION

A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 689-90, 128 S. Ct. 2207, 2219 (2008) (citations and quotation omitted). Instead, the instant motion requires the court to "balance the competing claims of injury and ... the effect of the granting or withholding of the requested relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 129 S. Ct. 365, 376 (2008) (quoting *Amoco Prod. Co.*

REPORT AND RECOMMENDATION  - 7

*v. Gambell*, 480 U.S. 531, 542, 107 S. Ct. 1396 (1987)).  A plaintiff seeking a preliminary injunction must establish the following: (1) a likelihood of success on the merits, (2) a likelihood of irreparable injury to the plaintiff if injunctive relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest.  *Id.* (citations omitted).   This is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 376.  Moreover, Plaintiff must show more than a mere "possibility" of irreparable harm, but instead must "demonstrate that irreparable injury is likely in the absence of an injunction." *Id*. at 375 (emphasis and citations omitted).

  In a civil rights case, injunctions must be granted sparingly and only in a clear and plain case.  Even in an action against private individuals, it has long been held that an injunction is "to be used sparingly, and only in a clear and plain case."  When a plaintiff seeks to enjoin the activity of a government agency, even within the unitary court system, his case must contend with "the well-established rule that the government has traditionally been granted the widest latitude in the dispatch of its own internal affairs." *Rizzo v. Goode*, 423 U.S. 362, 378, 96 S.Ct. 598 (1976) (citations omitted).  This holding applies even more strongly in cases involving the administration of state prisons. *Turner v. Safley*, 482 U.S. 78, 85, 107 S.Ct. 2254 (1987). "Running a prison is an inordinately difficult undertaking ... peculiarly within the province of the legislative and executive branches of government ... [S]eparation of powers concerns counsel a policy of judicial restraint.  Where a state penal system is involved, federal courts have, as we indicated in *Martinez*, additional reason to accord deference to appropriate prison authorities." *Id*. at 85, *citing Procunier v. Martinez*, 416 U.S. 396, 405, 94 S.Ct. 1800 (1974), *rev'd in part on other grounds in Thornburgh v. Abbott,* 490 U.S. 401, 109 S.Ct. 1874 (1989).

REPORT AND RECOMMENDATION  - 8

In this lawsuit, Plaintiff claims that thirty-six Defendants all conspired against him to retaliate against him for his litigation activities.  He alleges specific retaliatory conduct including false infractions, segregation, unconstitutional conditions, mail restrictions, and prison transfers that occurred in 2007 up to and including 2010.  In his present motion for injunctive relief, Plaintiff seeks an order overturning infractions and a prison transfer that occurred in August 2012 and an order directing the prison to provide him with supplies that are readily available to him through a simple request or that have already been made available to him.

Injunctive relief is to be used to address issues related to the underlying violations presented in the complaint.  *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir.1994) (plaintiff seeking injunctive relief must show "[a] relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."); *see Little v. Jones*, 607 F.3d 1245, 1250–51 (10th Cir .2010) (motion defined as insufficiently related to conduct addressed in complaint); *Colvin v. Caruso*, 605 F.3d 282, 299–300 (6th Cir.2010) (no preliminary injunction where motion for relief based on facts and circumstances entirely different from initial claim); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir.1997) (same).  Further, a court need not consider claims that were not raised in the complaint. *McMichael v. Napa County*, 709 F.2d 1268, 1273 n. 4 (9th Cir.1983).   As was explained by the Fourth Circuit in *Omega,* it is important that the movant establish the relationship between the injury claimed in his motion and the conduct asserted in the complaint because "[t]he purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends [he] was or will be harmed through the illegality alleged in the complaint." *Omega*, 111 F.3d at 16.

REPORT AND RECOMMENDATION  - 9

Plaintiff was previously advised that any issues raised in a motion for injunctive relief must be related to the issues raised in his complaint. ECF No. 118, p. 2. He has failed to establish any relationship between his asserted injury and the conduct asserted in his amended complaint. Instead, he alleges new conduct not related to this litigation. In fact, as Plaintiff admits, none of the allegations or persons that are the focus of his injunction are part of the amended complaint. *See* ECF No. 141, p. 14. Moreover, Plaintiff has other legal avenues that are more appropriate and better suited for Plaintiff to challenge his infractions and his complaints. His request for injunctive relief should be denied.

## CONCLUSION

The undersigned recommends that Plaintiff's motions for preliminary injunction (ECF Nos. 141 and 145) be **DENIED** because they seek injunctive relief for matters not based upon the claims in the underlying suit.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **September 28, 2012**, as noted in the caption.

**DATED** this  12th  day of September, 2012.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 10