UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MATTHEW G. SILVA,<br><br>                             Plaintiff,<br><br>      v.<br><br>ROB McKENNA, JOHN S. BLONIEN, DOUGLAS CARR, KIMBERLY FRINELL, AMANDA MIGCHELBRING, ELDON VAIL, DAN PACHOLKE, STEVE SINCLAIR, CHRIS BOWMAN, CHUCK PEASE, JURGENSEN, LINDA MICHAEL, DAVID S. ROBERTS, TAMARA ROWDEN, RONALD FREDERICK, DEVON SCHRUM, LORI SCAMAHORN, DENNIS DAHNE, KERRI McTARSNEY, CORYDON WHALEY, CLINT MAY, CHERYL SULLIVAN, VANESSA COLEMAN, TIMOTHY LANG, HEIDI HOLLAND, DANIEL JUDGE, PAT GLEBE, JEFFREY UTTECHT, CHARLES JONES, GREGORY F. JONES, NORMAN GOODENOUGH, SCOTT FRAKES, MARK MILLER, MELINDA FERRELL, HAROLD ARCHIBALD, ROD ASKELSON, WASHINGTON DEPARTMENT OF CORRECTIONS,<br><br>                             Defendants. | No. C11-5629 RBL/KLS<br><br>ORDER DENYING MOTION TO COMPEL |

Before the Court is Plaintiff Matthew Silva's motion to compel the production of hard copies of discovery documents without cost. ECF No. 138. Mr. Silva states that in response to his requests for the production of documents, counsel for defendants has responded that he will

ORDER - 1

provide the documents on a CD (at no cost) or in paper form (for a fee).  Mr. Silva claims that he is indigent and cannot pay for the copies.  He also requests that a default judgment be entered in his favor as sanctions for defense counsel's failure to appear at a discovery conference scheduled to occur between the parties on January 9, 2012.  *Id.*, pp. 2-3.

Mr. Silva is *not* proceeding *informa pauperis* in this matter.  He paid the Court's filing fee of $350.00 to commence this action on September 19, 2011.  Receipt No. TAC009090.

The Court has reviewed the motion and Defendants' response (ECF No. 140), and finds the motion is without merit.

## DISCUSSION

**A.    Motion for Sanctions**

While a party may apply to the court for an order compelling discovery "upon reasonable notice to other parties and all persons affected thereby," the motion must also include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court intervention."  Fed. R. Civ. P. 37(a)(2)(B).  In addition, "[a] good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephonic conference."  Local Rule CR 37(a)(2)(A).

Plaintiff asks that the Court enter a default judgment in his favor as sanctions against Defendants for counsels' failure to confer with him.  However, the record reflects that counsel and Plaintiff had numerous contacts in June during the course of other discovery and that a telephonic conference was scheduled on July 26, 2012.  Plaintiff fails to meet the standard for such a drastic remedy or provide a basis that would justify such a remedy for missing a request for a discovery conference.  *Estrada v. Speno & Cohen*, 244 F.3d 1050, 1055-56 (9th Cir. 2001);

ORDER - 2

*Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir.1990).  Neither does he provide any evidence that Defendants or their counsel were acting in bad faith.  Therefore, Plaintiff's motion for sanctions is **Denied**.

**B.     Motion to Compel Discovery**

Fed. R. Civ. P. 34(a)(1) requires the party upon whom the discovery request was served "to produce and permit the requesting party or its representative to inspect, copy, test or sample ..." the items that are deemed responsive to his request.  Nothing in Rule 34 requires the producing party to bear the costs associated with the production.

Defendants provided Mr. Silva with three options to inspect the documents responsive to his discovery requests.  The documents would be (1) made available for inspection and review by Plaintiff's representative; (2) produced on CD; or (3) copied at a rate of 10 cents per page in addition to postage costs.  ECF No. 140, p. 3.  These options clearly comport with the requirements of Rule 34 and therefore, the motion to compel shall be denied.

Although Mr. Silva claims he is indigent, he is not proceeding *in forma pauperis* in this lawsuit.  Even if he were, that status would not relieve him of his responsibility to fund his litigation and to pay for his discovery costs.  *See, United States v. MacCollom*, 426 U.S. 317, 321, 96 S.Ct. 2086, 2089, 48 L.Ed.2d 666 (1976) ("the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress ..."). The *in forma pauperis* statute, 28 U.S.C. § 1915, provides for the payment of filing fee and service of process only.  In *Silva v. Di Vittorio*, 658 F.3d 1090 (9th Cir.2011), the Ninth Circuit reiterated the limited role of prison authorities in assisting prisoners with their litigation.  Prison authorities are only required to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.  *Silva*, 658

ORDER - 3

F.3d at 1102 (quoting *Bounds v. Smith*, 430 U.S. 817, 828, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977)). The Court further held that this assistance is only limited to the pleading stage. *Id*. (citing *Lewis v. Casey*, 518 U.S. 343, 384, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996)).

Accordingly, it is **ORDERED:**

(1)   Plaintiff's motion to compel (ECF No. 138) is **DENIED**.

(2)   The Clerk shall send a copy of this Order to Plaintiff and counsel for Defendants.

**DATED** this   17th   day of September, 2012.

Karen L. Strombom
United States Magistrate Judge

ORDER - 4